IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN M. LUND, an individual, and CAMILLE LUND, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIMORTGAGE, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br><br> Case No. 2:10-CV-1167 TS |

This matter comes before the Court on a Motion to Dismiss filed by Defendant CitiMortgage, Inc. ("Citi"). For the reasons discussed below, the Court will grant the Motion.

I. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

---

[2]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Id*.

[7]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II. FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' Complaint.[8] Plaintiffs own a home in Lehi, Utah (the "Property"). Plaintiffs are obligors on a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the Property. Citi services the underlying Note.

In August 2009, Plaintiffs sought a modification under the Home Affordable Mortgage Program ("HAMP"). On September 20, 2009, Plaintiffs signed a HAMP Loan Trial Agreement. As part of the HAMP Loan Trial Agreement, Plaintiffs agreed to pay reduced payments for three months beginning in October 2009.

The HAMP Loan Trial Agreement provides:

D. The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of: the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F. If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required . . . ; or (iii) the Lender determines that my representations . . . are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

---

[8]Docket No. 1, Ex. A.

3

G. I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan. . . .[9]

The Trial Agreement further states:

That all terms and provision of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.[10]

In July 2010, Plaintiffs were informed that their application for a loan modification had been denied. Citi has now commenced foreclosure proceedings against Plaintiffs' home, alleging that they owe approximately $30,000 in unpaid mortgage payments, penalties, and fees.

## III. DISCUSSION

Plaintiffs' Complaint brings the causes of action against Defendant: (1) breach of contract; (2) promissory estoppel; (3) fraud in the inducement ; (4) declaratory judgment; and (5) injunctive relief.

A.   BREACH OF CONTRACT

Plaintiffs' first claim for relief is for breach of contract. Plaintiffs assert that Citi breached the HAMP Loan Trial Agreement by failing to render a timely decision on Plaintiffs' request for a modification and ultimately denying Plaintiffs' request for a modification.

---

[9]Docket No. 6, Ex. B.

[10]*Id.*

4

As an initial matter, the Court notes that there is no private right of action under the Home Affordable Mortgage Program.[11] To the extent that Plaintiffs argue that they are entitled to a modification under HAMP, it must be rejected. Further, Plaintiffs' attempts to disguise their HAMP-based claim as a breach of contract claim fails for the same reason.[12]

The Court further finds that Plaintiffs' breach of contract claim fails on the merits because it contradicts the clear language of the HAMP Loan Trial Agreement. That document makes clear that the modification is subject to qualification and that the modification would not be made permanent until, among other things, Plaintiffs received a fully executed copy of a modification agreement. Here, there is no suggestion that Plaintiffs received a fully executed copy of a modification agreement.

Plaintiffs seek to avoid dismissal, pointing to *Stanton v. Ocwen Loan Servicing, LLC*.[13] The facts in *Stanton*, however, are vastly different from the facts in this case. Further, the Court in *Stanton* did not address the fact that there is no private right of action under HAMP. Therefore, the Court finds *Stanton* to be distinguishable from the case before the Court. The Court finds this case much more akin to *Shurtliff*, where the Court rejected similar HAMP-based claims.

---

[11] *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010).

[12] *Id*. at *5 ("Plaintiff's allegations regarding breach of contract are simply an attempt at enforcing a private right of action under HAMP.").

[13] 2010 WL 3824640 (D. Utah Sept. 28, 2010).

B.   PROMISSORY ESTOPPEL

Plaintiffs' promissory estoppel claim is largely the same as their breach of contract claim. Plaintiffs allege that Citi agreed to alter the loan if Plaintiffs provided the required documentation to Citi. Plaintiffs allege that they did what was required of them, but that Citi did not timely accept Plaintiffs' loan modification application.

Promissory estoppel requires a showing of the following: (1) the plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third person; (3) the defendant was aware of all material facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff.[14]

Plaintiffs cannot meet the reasonable reliance requirement of their promissory estoppel claim. As stated, the HAMP Loan Trial Agreement makes clear that it is not a loan modification and that any modification would be contingent upon further approval. Here, the loan modification was ultimately not approved and Plaintiffs' allegations concerning their promissory estoppel claim are belied by the clear statements in the HAMP Loan Trial Agreement. "[A] party cannot reasonably rely upon oral statements by the opposing party in light of contrary written information."[15] Therefore, this claim fails.

---

[14]*Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1092 (Utah 2007).

[15]*Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1068 (Utah 1996).

C.  FRAUD IN THE INDUCEMENT

The elements for a claim of fraud include:

(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose or inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[16]

Plaintiffs cannot meet the reasonable reliance element of their fraud claim for the same reasons set forth above in relation to their promissory estoppel claim. Plaintiffs' fraud-based allegations are contradicted by the terms of the HAMP Loan Trial Agreement.

D.  DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs also seek declaratory judgment and injunctive relief. However, these claims are dependent on Plaintiffs' substantive claims which, as discussed above, fail to state a claim upon which relief can be granted. Therefore, Plaintiffs' requests for declaratory judgment and injunctive relief will be denied.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 5) is GRANTED. It is further

ORDERED that Plaintiffs' Motion to Refer Case to Mediation (Docket No. 8) is DENIED AS MOOT.

---

[16] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

DATED May 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge